**FILED**
APR 2 2 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Jack A. Schwaner, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09 0733 |
| Fort Eustis Command, U.S. Army Transportation Center, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter comes before the court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted and the complaint will be dismissed for lack of jurisdiction.

A federal court is limited by the Constitution to considering matters that present a case or controversy. U.S. Const. art. III, § 2. Standing is one of the justiciability doctrines that has developed to give meaning to Article III's case or controversy requirement. *Nat'l Treas. Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996). A question of Article III standing is a question of subject matter jurisdiction. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Subject matter jurisdiction, then, is an Art. III as well as a statutory requirement[.]") Article III standing requires, among other things, that a plaintiff have suffered an injury in fact, which is an invasion of a legally protected interest that is both concrete and particularized and actual or imminent rather than conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "The complainant

must allege an injury to *himself* that is distinct and palpable." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (internal quotations marks and citation omitted; emphasis added).

Plaintiff's complaint alleges that a particular Army Regulation "discriminates against AIT students." Compl. at 1. Plaintiff does not identify himself as an AIT student or otherwise reveal how he is harmed by the discrimination against the AIT students. Thus, considering only the injury-in-fact requirement of standing, it is clear that plaintiff's complaint does not establish that he has standing to bring this suit, and thus does not demonstrate that this court has jurisdiction to hear this matter. Therefore, this Court will dismiss the complaint without prejudice for lack of jurisdiction.

Dated: *April 17, 2009*

/s/ John D. Bates
United States District Judge